1  COOLEY LLP
Mark F. Lambert (197410) (mlambert@cooley.com)
2  Lam K. Nguyen (265285) (lnguyen@cooley.com)
Jeffrey M. Walker (280505) (jwalker@cooley.com)
3  3175 Hanover Street
Palo Alto, CA 94304-1130
4  Telephone:  (650) 843-5000
Facsimile:  (650) 849-7400
5
Erik B. Milch (*pro hac vice*) (emilch@cooley.com)
6  One Freedom Drive
Reston, VA 20190-5656
7  Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
8
Nicholas G. Lockhart (*pro hac vice*) (nlockhart@cooley.com)
9  1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
10  Telephone:  (202) 962-8361
Facsimile:  (202) 842-7899
11
Attorneys for Plaintiff Quanergy Systems, Inc.
12

13            UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15            SAN JOSE DIVISION

16

17  Quanergy Systems, Inc.,              Case No. 5:16-cv-05251-EJD

18            Plaintiff,                 **AMENDED COMPLAINT FOR
                                         DECLARATORY JUDGMENT**
19       v.

20  Velodyne LiDAR, Inc.,                **DEMAND FOR JURY TRIAL**

21            Defendant.

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
CASE NO. 5:16-CV-05251-EJD

1  Plaintiff, Quanergy Systems, Inc. ("Quanergy"), by counsel, files the following Complaint
2  for declaratory relief and, in support thereof, alleges as follows:

3  **THE PARTIES**

4  **1.**  Plaintiff Quanergy is a corporation organized under the laws of the State of Delaware,
5  and having a principal place of business at 482 Mercury Drive, Sunnyvale, California 94085.

6  **2.**  On information and belief, Defendant Velodyne LiDAR, Inc. ("Velodyne") is a
7  corporation organized under the laws of the State of Delaware and maintaining its principal place of
8  business at 345 Digital Drive, Morgan Hill, California 95037.

9  **JURISDICTION AND VENUE**

10  **3.**  This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C.
11  §§ 2201 and 2202.  Accordingly, subject matter jurisdiction is proper in this Court under 28 U.S.C.
12  §§ 1331 and 1338 because these claims arise under the patent laws of the United States (Title 35 of
13  the United States Code).

14  **4.**  Upon information and belief, Defendant Velodyne is subject to this Court's personal
15  jurisdiction because it does and has done substantial business in this judicial district, including
16  maintaining its headquarters in this judicial district.  Defendant Velodyne is subject to the general
17  jurisdiction of this Court because it has regular and systematic contacts with this forum such that the
18  exercise of jurisdiction over it would not offend traditional notions of fair play and substantial
19  justice.

20  **5.**  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) because Velodyne
21  is subject to personal jurisdiction in this District.

22  **GENERAL ALLEGATIONS**

23  **6.**  Plaintiff Quanergy is the leader in automotive and industrial grade 3D time-of-flight
24  LiDAR sensors.  Quanergy develops smart sensing solutions for real-time 3D mapping and object
25  detection, tracking, and classification.  Quanergy's products can be used in various markets for 3D
26  LiDAR sensors and LiDAR-based sensing systems.  Key markets include passenger vehicles,
27  corporate, commercial, municipal fleets, and digital mapping fleets.  Other applicable markets for
28  Quanergy's products include security, surveillance, smart spaces, logistics, warehouse and

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
CASE NO. 5:16-CV-05251-EJD

1   distribution center automation, robotics, construction, agriculture and mining vehicles, surveying,

2   archaeology, geology, aeronautics, unmanned aerial vehicles (UAVs), wind turbine operation

3   optimization and solar farm installation optimization.  In the automotive space, Quanergy's LiDAR

4   sensors enable broad deployment of advanced driver assistance systems (ADAS) and autonomous

5   driving systems.  Quanergy's M8-1 LiDAR Sensor (the "M8-1 Sensor") is made for use with such

6   systems.

7   **7.**    Defendant Velodyne is one of Quanergy's competitors.  Among its products,

8   Velodyne sells the HDL-64E LiDAR sensor which it touts on its website to be "designed for

9   obstacle detection and navigation of autonomous ground vehicles and marine vessels."

10  It further asserts that "[i]ts durability, 360° field of view and very high data rate makes this sensor

11  ideal for the most demanding perception applications as well as 3D mobile data collection and

12  mapping applications," and that "[t]he HDL-64E's innovative laser array enables navigation and

13  mapping systems to observe more of their environment than any other LiDAR sensor."

14  **8.**    On August 4, 2016, Quanergy's CEO, Dr. Louay Eldada, received a letter dated

15  August 3, 2016 from Velodyne's counsel, Mr. Douglas Lumish of Latham & Watkins, alleging that

16  Quanergy infringed U.S. Patent No. 7,969,558 ("the '558 patent") entitled "High Definition LIDAR

17  System" granted on June 28, 2011.  Upon information and belief, Velodyne is the alleged owner of

18  and/or has enforcement rights to the '558 patent.  A true and accurate copy of the '558 patent is

19  attached as Exhibit A.

20  **9.**    Velodyne states in the August 3, 2016 letter that "[i]t has recently come to

21  Velodyne's attention that Quanergy … manufactures and sells 3D LiDAR sensors, including the

22  M8-1 LiDAR Sensor" and that Velodyne had "review[ed] Quanergy's M8-1 LiDAR Sensor."  The

23  August 3, 2016 letter alleges that Quanergy's M8-1 LiDAR Sensor infringes one or more of the

24  claims of the '558 patent" and demands that Quanergy "immediately cease and desist from all

25  further activity that infringes the '558 Patent."  Velodyne explicitly asserted that absent compliance

26  with its demands, "Velodyne is prepared to take all steps necessary to protect its intellectual property

27  rights."

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
CASE NO. 5:16-CV-05251-EJD

1     **10.**     On August 31, 2016, Quanergy's counsel, Erik Milch, spoke with Velodyne's

2     counsel, Ann Marie Walsh, to discuss the August 3, 2016 cease and desist letter.  During that

3     conversation, Ms. Walsh stated that the only acceptable outcome for Velodyne is for Quanergy to

4     remove its product from the market.  In a follow-up discussion on September 9, 2016, Mr. Milch

5     informed Ms. Walsh that Quanergy would not agree to remove the M8-1 from the market. Ms.

6     Walsh responded by stating that it seems that the parties are at an impasse.

7     **11.**     As a result of Velodyne's aggressive threats of patent infringement by Quanergy, and

8     repeated demands that Quanergy remove its M8-1 product from the market, an immediate, concrete,

9     actual, substantial and justiciable controversy now exists between Quanergy and Velodyne regarding

10     allegations of infringement of the '558 patent.  This is a substantial controversy, between parties

11     having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

12     declaratory judgment.   Quanergy seeks a declaration from this Court resolving the present

13     controversy.

14                            **COUNT I**

15        **DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '558 PATENT**

16     **12.**     Quanergy incorporates by reference the allegations set forth in paragraphs 1 through

17     47 of this Complaint as though set forth in full herein.

18     **13.**     Velodyne has accused Quanergy of infringing the '558 patent at least by making and

19     selling the M8-1 LiDAR Sensor.

20     **14.**     Quanergy has not infringed and is not infringing, directly, indirectly, contributorily,

21     by active inducement, or otherwise, any valid and enforceable claim of the '558 patent.

22     **15.**     Quanergy does not infringe independent claim 1 of the '558 patent at least because

23     the M8-1 does not include "a rotary component configured to rotate the plurality of laser emitters

24     and the plurality of avalanche photodiode detectors at a speed of at least 200 RPM" as required by

25     both independent claims 1 and 19.

26     **16.**     The term "a rotary component configured to rotate the plurality of laser emitters and

27     the plurality of avalanche photodiode detectors" invokes 35 U.S.C. 112, sixth paragraph.  The

28     specification requires that the rotary component include a "rotary power coupling configured to

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
CASE NO. 5:16-CV-05251-EJD

provide power from an external source to the rotary motor, the photon transmitters, and the photon detectors, as well as signal [sic] in and out of the unit." '558 patent, col. 3, ll. 10-14.

17.     The M8-1 Sensor does not include such structure, or any equivalents of such structure.  Accordingly, for at least this reason, the M8-1 Sensor does not meet every limitation of claims 1 and 19 of the '558 patent.

18.     At least because Quanergy does not infringe either independent claim of the '558 patent, it does not infringe any dependent claim of the '558 patent.

19.     An actual and justiciable case or controversy exists between Quanergy and Velodyne concerning alleged infringement of the '558 patent, which requires a declaration of rights by this Court.

20.     Based on the acts, conduct, and statements of Velodyne, Quanergy has formed a reasonable apprehension and belief that Velodyne intends to and will sue Quanergy for alleged infringement of the '558 patent.

21.     Velodyne's incorrect allegation that Quanergy infringes claims of the '558 patent has caused, and will continue to cause, damage to Quanergy.

22.     Quanergy is entitled to a judicial determination and declaration that it does not infringe and has not infringed, directly, indirectly, contributorily, by active inducement or otherwise, any valid and enforceable claim of the '558 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Quanergy requests that the Court enter a judgment in its favor and against Velodyne as follows:

A.     Enter judgment for Quanergy and against Velodyne on Count I asserted in this complaint;

B.     Declare that Quanergy has not and does not infringe any valid and enforceable claim of '558 patent;

C.     Enjoin Velodyne, and its officers, directors, agents, counsel, servants, and employees and all persons in active concert or participation with any of them, from attempting to enforce the '558 patent against Quanergy or any customer of Quanergy by reason of

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
CASE NO. 5:16-CV-05251-EJD

1    such customer's use of Quanergy's products;

2    D.    Find this case to be an exceptional case pursuant to 35 U.S.C. § 285 and award

3          Quanergy its attorneys' fees and expenses;

4    E.    Grant Quanergy such other and further relief as the Court deems just and proper.

5                              **DEMAND FOR JURY TRIAL**

6          Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Quanergy Systems, Inc. demands a

7    trial by jury in this action.

8

9    Dated: November 18, 2016                    COOLEY LLP
                                                 MARK F. LAMBERT (197410)
10

11

                                                 */s/Mark F. Lambert*
12                                               Mark F. Lambert (197410)

13                                               Attorneys for Plaintiff
                                                 Quanergy Systems, Inc.
14

15   139095855

16

17

18

19

20

21

22

23

24

25

26

27

28

5.

AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT
CASE NO. 5:16-CV-05251-EJD