COOLEY LLP
Mark F. Lambert (197410) (mlambert@cooley.com)
Lam K. Nguyen (265285) (lnguyen@cooley.com)
Jeffrey M. Walker (280505) (jwalker@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843-5000
Facsimile:     (650) 849-7400

Erik B. Milch (*pro hac vice*) (emilch@cooley.com)
One Freedom Drive
Reston, VA 20190-5656
Telephone:     (703) 456-8000
Facsimile:     (703) 456-8100

Nicholas G. Lockhart (*pro hac vice*) (nlockhart@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone:     (202) 962-8361
Facsimile:     (202) 842-7899

Attorneys for Plaintiff Quanergy Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Quanergy Systems, Inc., | Case No. 5:16-cv-05251-EJD |
| Plaintiff, | |
| v. | **ANSWER TO DEFENDANT'S COUNTERCLAIMS** |
| Velodyne LiDAR, Inc., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff and Counterclaim-Defendant, Quanergy Systems, Inc. ("Quanergy") for its answer to the Counterclaims of Defendant and Counterclaim-Plaintiff Velodyne LiDAR, Inc. ("Velodyne"):

## NATURE OF ACTION

1.     Quanergy admits the Counterclaims purport to be an action arising under the patent laws of the United States.  Quanergy denies the legal sufficiency of Velodyne's counterclaims and denies that Velodyne has any viable claim as to Quanergy.

## INTRADISTRICT ASSIGNMENT

2.     Quanergy admits that the Counterclaims should be assigned pursuant to Civil Local Rule 3-2(a).

## THE PARTIES

3.     Admitted.

4.     Admitted.

## JURISDICTION AND VENUE

5.     Quanergy admits the Counterclaims purport to be an action arising under the patent laws of the United States for which the Court would have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Quanergy denies the legal sufficiency of Velodyne's counterclaims and denies that Velodyne has any viable claim as to Quanergy.

6.     Quanergy admits that it is subject to personal jurisdiction in this judicial district. Quanergy denies any and all allegations of patent infringement alleged in the Counterclaims. Quanergy admits that it has a place of business in Sunnyvale.

7.     Quanergy admits that venue is proper in this District.  Quanergy denies any and all allegations of patent infringement alleged in the Counterclaims.

## INTRODUCTION

8.     Quanergy lacks sufficient information to form a belief as to the truth of the allegations cited in paragraph 8 of the Counterclaims, and on that basis denies them.

9.     Quanergy lacks sufficient information to form a belief as to the truth of the allegations cited in paragraph 9 of the Counterclaims, and on that basis denies them.

10.     Quanergy lacks sufficient information to form a belief as to the truth of the

allegations cited in paragraph 10 of the Counterclaims, and on that basis denies them.

**VELODYNE'S '558 PATENT**

**11.**    Quanergy lacks sufficient information to form a belief as to the truth of the allegations cited in paragraph 11 of the Counterclaims, and on that basis denies them.

**12.**    Quanergy denies that the '558 patent was duly and legally issued.  Quanergy admits that Exhibit A purports to be a copy of the '558 patent.

**13.**    Quanergy denies that the '558 patent is valid and enforceable.  Quanergy admits that the '558 patent, on its face, indicates that it was filed on July 13, 2007.  Quanergy admits that the '558 patent, on its face, identifies provisional patent application no. 60/807,305 as a related application.  Quanergy admits that the '558 patent, on its face, lists David S. Hall as the sole inventor.  Quanergy lacks sufficient information to form a belief as to the truth of the remaining allegations cited in paragraph 13 of the Counterclaims, and on that basis denies them.

**14.**    Quanergy denies that the '558 patent is valid and enforceable.  Quanergy lacks sufficient information to form a belief as to the truth of the remaining allegations cited in paragraph 14 of the Counterclaims, and on that basis denies them.

**QUANERGY'S M8-1 SENSOR**

**15.**    Quanergy admits that Louay Eldada founded Quanergy and that Quanergy provides LiDAR products for various purposes.  Quanergy lacks sufficient information to form a belief as to the truth of the remaining allegations cited in paragraph 15 of the Counterclaims, and on that basis denies them.

**16.**    Admitted.

**17.**    Admitted.

**18.**    Quanergy admits that Exhibit B purports to be a true and correct copy of a Quanergy Data Sheet.  Quanergy admits the remaining allegations in paragraph 18 of the Counterclaims.

**19.**    Quanergy lacks sufficient information to form a belief as to the truth of the allegations cited in paragraph 19 of the Counterclaims, and on that basis denies them.

**20.**    Denied.

**21.**    Quanergy admits that it markets and sells the M8-1 Sensor.  Quanergy lacks sufficient

information to form a belief as to the truth of the remaining allegations cited in paragraph 21 of the Counterclaims, and on that basis denies them.

**22.**     Quanergy admits that its U.S. Patent Application No. 14/140,522 references the '558 patent. The remaining allegations in paragraph 22 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**23.**     Quanergy admits that it received a letter from Velodyne's counsel with allegations of infringement. The remaining allegations in paragraph 23 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**24.**     Quanergy denies any and all allegations of patent infringement in the Counterclaims. The remaining allegations in paragraph 24 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

<u>**COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,969,558**</u>

**25.**     Quanergy incorporates by reference its responses to paragraphs 1 through 24 of Velodyne's Counterclaims above as though fully set forth herein.

(a) Alleged Direct Infringement of the '558 Patent

**26.**     The allegations in paragraph 26 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**27.**     Admitted.

**28.**     The allegations in paragraph 28 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**29.**     The allegations in paragraph 29 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**30.**     The allegations in paragraph 30 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**31.**     The allegations in paragraph 31 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**32.** The allegations in paragraph 32 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**33.** The allegations in paragraph 33 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**34.** The allegations in paragraph 34 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**35.** Admitted.

**36.** The allegations in paragraph 36 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**37.** The allegations in paragraph 37 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**38.** The allegations in paragraph 38 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**39.** The allegations in paragraph 39 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**40.** The allegations in paragraph 40 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**41.** The allegations in paragraph 41 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

<u>(b) Alleged Induced Infringement of the '558 Patent</u>

**42.** The allegations in paragraph 42 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**43.** Quanergy incorporates by reference its responses to paragraphs 22-24 of the Counterclaims. The remaining allegations in paragraph 43 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

**44.** The allegations in paragraph 44 of the Counterclaims are a legal conclusion to which no response is necessary. To the extent a response is necessary, Quanergy denies the allegations.

1      **45.**     The allegations in paragraph 45 of the Counterclaims are a legal conclusion to which

2  no response is necessary.  To the extent a response is necessary, Quanergy denies the allegations.

3      (c) Alleged Contributory Infringement

4      **46.**     The allegations in paragraph 46 of the Counterclaims are a legal conclusion to which

5  no response is necessary.  To the extent a response is necessary, Quanergy denies the allegations.

6      **47.**     Quanergy incorporates by reference its responses to paragraphs 22-24 of the

7  Counterclaims.  The remaining allegations in paragraph 47 of the Counterclaims are a legal

8  conclusion to which no response is necessary.  To the extent a response is necessary, Quanergy

9  denies the allegations.

10      **48.**     The allegations in paragraph 48 of the Counterclaims are a legal conclusion to which

11  no response is necessary.  To the extent a response is necessary, Quanergy denies the allegations.

12      **49.**     The allegations in paragraph 49 of the Counterclaims are a legal conclusion to which

13  no response is necessary.  To the extent a response is necessary, Quanergy denies the allegations.

14      **50.**     The allegations in paragraph 50 of the Counterclaims are a legal conclusion to which

15  no response is necessary.  To the extent a response is necessary, Quanergy denies the allegations.

16      **51.**     The allegations in paragraph 51 of the Counterclaims are a legal conclusion to which

17  no response is necessary.  To the extent a response is necessary, Quanergy denies the allegations.

18      **52.**     The allegations in paragraph 52 of the Counterclaims are a legal conclusion to which

19  no response is necessary.  To the extent a response is necessary, Quanergy denies the allegations.

20      (d) Quanergy's Alleged Willful Infringement of the '558 *Patent*

21      **53.**     Quanergy incorporates by reference its responses to paragraphs 22-24 of the

22  Counterclaims.  The remaining allegations in paragraph 43 of the Counterclaims are a legal

23  conclusion to which no response is necessary.  To the extent a response is necessary, Quanergy

24  denies the allegations.

25      **54.**     Denied.

26      **55.**     Denied.

1

**<u>RESPONSE TO VELODYNE'S PRAYER FOR RELIEF</u>**

2   Quanergy incorporates by reference all preceding paragraphs of this Answer to

3 Velodyne's Counterclaims as if fully set forth herein.  Quanergy denies any and all allegations of

4 patent infringement alleged in the Counterclaims.  Quanergy denies all allegations that Velodyne is

5 entitled to any relief requested in paragraphs "A-K" of the Counterclaims' Prayer for Relief or any

6 other relief.

7

**<u>VELODYNE'S DEMAND FOR JURY TRIAL</u>**

8   The allegations in this paragraph of the Counterclaims are a legal conclusion to which no

9 response is necessary.

10

**<u>AFFIRMATIVE DEFENSES</u>**

11   Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens

12 of proof, Quanergy asserts the following defenses to the Counterclaims and reserves its right to

13 assert additional defenses.

14

**FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT**

15   1.  Quanergy does not directly or indirectly infringe and has not directly or indirectly

16 infringed any claim of the '558 patent.

17

**SECOND AFFIRMATIVE DEFENSE – INVALIDITY**

18   2.  One or more of the claims of the '558 patent are invalid for failure to satisfy the

19 conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including, but not limited to §§ 101,

20 102, 103, and/or 112.

21

**THIRD AFFIRMATIVE DEFENSE – LIMITATION ON DAMAGES**

22   3.  Velodyne's claims for damages are barred, in whole or in part, by 35 U.S.C. § 287, 35

23 U.S.C. § 288, and/or 28 U.S.C. § 1498.

24

**FOURTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

25   4.  The Counterclaims fail to state a claim upon which relief can be granted.

26

**FIFTH AFFIRMATIVE DEFENSE – LICENSE**

27   5.  Velodyne's claims for damages are limited to the extent any accused instrumentalities

28 are licensed.

**SIXTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES**

6.      Velodyne's claims are barred, in whole or in part, by estoppel, acquiescence, prosecution laches, unclean hands, and/or other equitable doctrines.

**RESERVATION OF RIGHTS**

Quanergy reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

**PRAYER FOR RELIEF**

**WHEREFORE**, Quanergy prays that this Court enter judgment:

A.      In favor of Quanergy, and against Velodyne, thereby dismissing the Counterclaims with prejudice, with Velodyne taking nothing by way of its claims;

B.      That Quanergy has not directly infringed, and is not now directly infringing any valid claim of the '558 patent under any subsection of 35 U.S.C. § 271;

C.      That all asserted claims of the '558 patent are invalid and/or unenforceable;

D.      That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Velodyne to pay Quanergy's reasonable attorneys' fees incurred in this action;

E.      That Velodyne pay all costs incurred by Quanergy in this action; and awarding Quanergy all other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Quanergy respectfully requests a trial by jury on all issues so triable.

//

//

//

1    Dated: January 16, 2017                COOLEY LLP

2

3                                           /s/Erik B. Milch
                                            _____
4                                           Erik B. Milch

5                                           Attorneys for Plaintiff
                                            Quanergy Systems, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28