(Counsel listed on signature pages)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

|  |  |
|---|---|
| Quanergy Systems, Inc., | Case No. 16-cv-05251-EJD |
| Plaintiff and Counter-Defendant, | SECOND JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |
| vs. |  |
| Velodyne LiDAR, Inc., | **Date:** November 16, 2017 |
| Defendant and Counter-Plaintiff. | **Time:** 10:00 a.m. |
|  | **Courtroom:** 4, 5th Floor, San Jose |
|  | **Judge:** The Hon. Edward J. Davila |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to this Court's October 4, 2017 Notice Resetting Case Management Conference Following Reassignment (Dkt. No. 97), the November 1, 2014 Standing Order for All Judges of the Northern District of California, this Court's Standing Order for Patent Cases, and Civil Local Rule 16-9.

**A.    Certification of Claim Construction Order for Immediate Appeal**

At this time, neither Quanergy nor Velodyne intend to seek certification of the Court's Claim Construction Order (Dkt. No. 96) for immediate appeal.

**B.    Dispositive Motions**

Quanergy does not intend to file a dispositive motion prior to the further development of facts and theories in discovery.  Quanergy reserves all of its rights to file dispositive motions as the case progresses.

Velodyne does not currently intend to file a dispositive motion prior to the further development of facts and theories in discovery.  Velodyne reserves all of its rights to file dispositive motions as the case progresses.  Specifically, Quanergy has indicated that it "anticipates filing an amended complaint that modifies its claim for declaratory relief and adds

claims for (1) violation of the Lanham Act, (2) False Advertising (California Business and Professions Code, § 17500), (3) Unfair Competition (California Business and Professions Code § 17200) and (4) Common Law Unfair Competition."  Velodyne reserves all rights with respect to these newly-disclosed claims.

**C.     Advice of Counsel**

Quanergy does not intend to rely on the advice-of-counsel defense.

**D.     Anticipated Post-Claim Construction Discovery**

Post-Claim Construction Discovery has not yet commenced.  The parties propose to commence post-claim construction discovery on November 20, 2017, after the parties' mediation on November 17, 2017.

**1.     Quanergy's Statement**

Quanergy anticipates post-claim construction discovery on the following topics:

Topics relevant to the alleged validity of the '558 Patent, including but not limited to the alleged invention date, the alleged priority date, the first use and first sale of the claimed invention, the first public knowledge and public disclosure of the claimed invention, inventorship of the claimed invention, and objective considerations relevant to the obviousness of the claimed invention;

Discovery from third parties regarding prior art and invalidity of the '558 Patent.  In addition, per Patent Local Rule 3-6, Quanergy anticipates seeking leave from the Court to serve amended invalidity contentions based on the Court's Claim Construction order.

Prosecution of the application that issued as the '558 Patent, including the prosecution of any related patents;

Velodyne's alleged rights and interest in the '558 Patent, as well as the rights and interest of any other parties in the '558 Patent;

The basis for Velodyne's allegation that Quanergy's alleged infringement is willful, including the basis for Velodyne's pursuit of enhanced damages under § 284;

The basis for Velodyne's allegation that this case is exceptional, entitling Velodyne to attorneys' fees under § 285;

The basis for Velodyne's pursuit of injunctive relief in this case; and

The amount and calculation of damages sought by Velodyne.

This list is non-exhaustive and Quanergy reserves the right to seek discovery on any topic within the permissible scope of discovery under the Federal Rules.

### 2.    Velodyne's Statement

Velodyne anticipates seeking discovery on the following topics[1]:

Quanergy's alleged infringement of the asserted claims of the '558 patent;

Quanergy's alleged willful infringement of the asserted claims of the '558 patent;

The damages and injunctive relief to which Velodyne is allegedly entitled as a result of Quanergy's alleged infringement of the asserted claims of the '558 patent;

Quanergy's defenses as set forth in its Answer to Velodyne's Counterclaims.  *See* Dkt. No. 43 at 6-7.

This list is non-exhaustive and Velodyne reserves the right to seek discovery on any topic within the permissible scope of discovery under the Federal Rules.

### E.    Any Other Pretrial Matters

Depending on the outcome of mediation, Quanergy anticipates filing a petition for *Inter Partes* Review ("IPR") of the '558 Patent with the Patent Trial and Appeal Board no later than the end of November, 2017.  Thereafter, Quanergy anticipates filing a motion seeking a stay of this action pending the outcome of the IPR.  Velodyne will oppose Quanergy's motion to stay this action pending resolution of an *Inter Partes* Review, should Quanergy file such a motion.

---

[1] As noted above, Quanergy has indicated that it "anticipates filing an amended complaint that modifies its claim for declaratory relief and adds claims for (1) violation of the Lanham Act, (2) False Advertising (California Business and Professions Code, § 17500), (3) Unfair Competition (California Business and Professions Code § 17200) and (4) Common Law Unfair Competition." Velodyne reserves the right to seek discovery on all topics related to any claims that Quanergy alleges in its amended complaint.

**F.      Settlement Discussions**

The parties have not had any settlement discussions since the filing of the complaint.

Quanergy and Velodyne are scheduled to participate in a mediation hearing on November 17, 2017, with the Court-appointed mediator.

**G.      Changes and Updates to Information Provided in the Parties' Initial Joint Case Management Statement**

The changes and updates to the information provided in the Parties' initial Joint Case Management Statement (Dkt. No. 49) are set forth below.

**1.      Jurisdiction & Service**

This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, brought by Plaintiff and Counterclaim-Defendant Quanergy Systems, Inc. ("Quanergy"), and for willful infringement of U.S. Patent No. 7,969,558 ("'558 patent") under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., brought by Defendant and Counterclaim Plaintiff Velodyne LiDAR, Inc. ("Velodyne").   Accordingly, subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338 because these claims arise under federal law.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), (d) and 1400(b).

No issues exist regarding personal jurisdiction or venue.

All named parties have been served, and there are no unresolved issues relating to service of process.

**Changes and Updates**

Quanergy anticipates filing an amended complaint that modifies its claim for declaratory relief and adds claims for (1) violation of the Lanham Act, (2) False Advertising (California Business and Professions Code, § 17500), (3) Unfair Competition (California Business and Professions Code § 17200) and (4) Common Law Unfair Competition.

**2.      Facts**

**Quanergy's Original Statement:**

Quanergy filed this action on September 13, 2016, asserting claims of trade secret violations, breach of contract, and seeking a declaratory judgment of non-infringement. On November 18, 2016, Quanergy filed an Amended Complaint (ECF No. 34) seeking a declaratory judgment against Velodyne LiDAR, Inc. ("Velodyne"). Quanergy seeks a declaratory judgment that its M8-1 LiDAR Sensor does not infringe any valid and enforceable claim of Velodyne's '558 patent. Quanergy is no longer asserting the other claims from the Complaint.

Quanergy is the leader in 3D time-of-flight LiDAR ("Light Detection and Ranging") sensors, located in Sunnyvale, California. Quanergy's products include the M8-1 LiDAR Sensor, which can be applied to a variety of platforms to enable rapid 3D detection, measurement, identification, tracking, and classification of items.

Quanergy received a letter from Velodyne on August 4, 2016, alleging that Quanergy's M8-1 LiDAR Sensor infringes the '558 patent. During a discussion between Quanergy's counsel and Velodyne's counsel on August 31, Velodyne stated that the only acceptable outcome was for Quanergy to remove the M8-1 LiDAR Sensor from the market. On September 9, Quanergy stated that it would not agree to do so. As a result of Velodyne's allegations of infringement, Quanergy now seeks a declaration from this Court that the M8-1 LiDAR Sensor does not infringe any valid and enforceable claim of the '558 patent.

## Quanergy's Changes and Updates

As stated above, Quanergy anticipates filing an amended complaint that amends its cause of action for declaratory relief of non-infringement and adding four new causes of action.

## Velodyne's Original Statement:

Velodyne is an innovative developer, manufacturer, and supplier of real-time laser imaging detection and ranging ("LiDAR") sensor technology, which is used in a variety of applications, including autonomous vehicle navigation, vehicle safety systems, 3D mobile and aerial mapping, surveying, security, defense, and industrial automation, among others. Velodyne's founder David S. Hall introduced Velodyne's first high-resolution LiDAR sensor, the HDL-64, in 2007. Thereafter, Velodyne quickly emerged as a global leader in LiDAR

technology.  Velodyne has invested millions of dollars in developing its technology and, as a result of its substantial investment in research and development, has invented, designed, developed, manufactured, and sold some of the most advanced 3D laser imaging technology in the world.

On June 28, 2011, the United States Patent and Trademark Office, after full and fair examination, duly and legally issued the '558 patent, entitled "High Definition LiDAR System," to David S. Hall.  The '558 patent relates to LiDAR-based systems and methods for generating 3-D point clouds.  Velodyne owns by assignment all rights, title, and interest in the '558 patent, with full rights to enforce the '558 patent, and sue and recover for past, present, and future infringement.

Quanergy makes, uses, sells, offers for sale and/or imports into the United States its M8-1 LiDAR-based sensor, which is marketed and sold to the same actual and potential customers as Velodyne's sensors that practice the '558 patent.  As described in detail in Velodyne's Counterclaims, Quanergy's M8-1 sensor directly and/or indirectly infringes at least one claim of Velodyne's '558 patent, either literally or under the doctrine of equivalents.  Quanergy knew of the '558 patent since at least as early as December 25, 2013, when Quanergy cited to the '558 patent in a Quanergy patent application.  At a minimum, Quanergy knew its M8-1 sensor infringed the '558 patent since August 3, 2016, when Velodyne provided Quanergy with written notice of its infringement.  In both Velodyne's August 3, 2016 letter to Quanergy and the conversations that followed, Velodyne asked Quanergy to cease activities that infringed Velodyne's '558 patent and compensate Velodyne for Quanergy's past infringement, but Quanergy refused.  Instead, Quanergy chose to file this lawsuit.  Consequently, Velodyne brought its Counterclaims seeking damages and injunctive relief, a finding that this case is exceptional, and a finding that Quanergy's infringement has been and continues to be willful.

**Velodyne's Changes and Updates**

In addition to Velodyne's Original Statement, Velodyne further states that the Court issued its *Markman* Order on October 4, 2017.  *See* Dkt. No. 56.  The parties disputed the

construction of ten terms, seven of which Quanergy proposed for construction.  The Court accepted Velodyne's position (in whole or in part) for nine of the ten disputed terms, and rejected all of Quanergy's arguments that the asserted claims are invalid as indefinite.  *See, e.g.*, Dkt. No. 56 (*Markman* Order) at 32-33.

**3.  Legal Issues**

The principal disputed legal issues are:

- The construction or meaning of any disputed claim terms in the asserted claims of the '558 patent;

- Whether Quanergy directly infringes, either literally or under the doctrine of equivalents, any asserted claim of the '558 patent;

- Whether Quanergy indirectly infringes, either literally or under the doctrine of equivalents, any asserted claim of the '558 patent;

- Whether any or all of the claims of the '558 patent are invalid;

- Whether the '558 patent is unenforceable;

- If Quanergy infringes a valid claim of the '558 patent, whether Velodyne is entitled to a permanent injunction pursuant to 35 U.S.C. § 283;

- If Quanergy infringes a valid claim of the '558 patent, whether Velodyne is entitled to damages, including prejudgment and post-judgment interest and its costs incurred in this action, pursuant to 35 U.S.C. § 284;

- If Quanergy infringes a valid claim of the '558 patent, whether Quanergy's infringement of the '558 patent was willful pursuant to 35 U.S.C. § 284;

- Whether this case is exceptional under 35 U.S.C. § 285, entitling Velodyne to an award of reasonable attorney's fees;

- Whether this case is exceptional under 35 U.S.C. § 285, entitling Quanergy to an award of reasonable attorney's fees.

**<u>Changes and Updates</u>**

The Court held a technology tutorial and *Markman* hearing on September 13, 2017, and entered its Claim Construction Order on October 4, 2017, deciding the construction or meaning of any disputed claim terms in the asserted claims of the '558 patent.  *See* Dkt. No. 96.  As noted above, neither party seeks certification of the Court's claim construction order.

Additional principal legal disputes include:

- Whether Velodyne's allegedly false and misleading statements violate the Lanham Act, California's False Advertising Law, California's Unfair Competition Law, California common law regarding unfair competition, and Quanergy has been injured in their businesses as a result of Velodyne's violations;

- Whether Quanergy is entitled to recover compensatory damages and to recover up to three times its damages as provided by the Lanham Act, and to recover Velodyne's profits;

- Whether Quanergy is entitled to restitution and restitutionary disgorgement of all profits Velodyne generated from sums wrongfully obtained;

- Whether Velodyne, its subsidiaries, affiliates, successors, transferees, assignees, and the respective officers, directors, partners, agents, and employees thereof and all other persons acting or claiming to act on its behalf should be preliminarily and permanently enjoined and restrained from continuing to engage in the allegedly unlawful, unfair, and/or fraudulent practices alleged in the Complaint (including allegedly disseminating false and misleading statements describing its products that scan using moving mechanical parts are solid-state).

**4.     Motions**

As of the date of this filing, there are no pending motions.

The parties anticipate that, following the close of fact and/or expert discovery, they may move for summary judgment as to some or all issues in dispute, but it is premature to identify such issues at this time.

**Changes and Updates**

As noted above, if this matter is not settled through mediation, Quanergy intends to file a motion to stay the action pending resolution of an *Inter Partes* Review to be filed by the end of November at the U.S. Patent Office.  Velodyne will oppose Quanergy's motion to stay this action pending resolution of an *Inter Partes* Review, should Quanergy file such a motion.

The parties have provided additional information regarding dispositive motions in Section B above.

**5.     Amendment of Pleadings**

The parties propose that the deadline for amending pleadings to add parties, claims or counterclaims be set for 45 days after the day fact discovery opens.

**Updates and Changes**

The parties' view is that that the Court has not set a deadline to file amended pleadings, or any other post-*Markman* discovery deadlines.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI").  Additionally, the parties have discussed with their counsel and met and conferred at their F.R.C.P. 26(f) conference regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.  Each party has implemented a litigation hold with respect to ESI, hardcopy documents, and media that is believed to be reasonably related to the claims and defenses in this action.

**Changes and Updates**

An order regarding the discovery of electronically stored information, based on the parties' proposed stipulated order, was entered by the Court in this case on February 16, 2017. *See* Dkt. No. 53.

**7.     Disclosures**

Pursuant to F.R.C.P. 26(a), the parties agree to exchange initial disclosures no later than February 9, 2017.

**Changes and Updates**

The parties exchanged initial disclosures on February 9, 2017.

**8.      Discovery**

    **(a)      Discovery to Date**

Velodyne served Quanergy with a Notice to Inspect Quanergy's accused M8-1 sensor on January 13, 2017.  Quanergy has conditionally agreed to making the M8 available for inspection by February 1, 2017 in or near Palo Alto, California subject to the parties' negotiations with respect to logistics.  Quanergy does not currently anticipate any issues making the M8 available by February 1, 2017.

    **<u>Changes and Updates</u>**

Quanergy made the M8-1 sensor available on January 31, 2017.  Quanergy again made the M8-1 sensor available for inspection on April 18-19, 2017.  Quanergy made its source code available for inspection on April 19, 2017.

Quanergy has produced 2,225 pages of documents and Velodyne has produced 3,147 pages of documents.

Quanergy took the deposition of Dr. Craig Glennie on June 27, 2017 in connection with the declaration he submitted in support of Velodyne's claim construction brief.  Velodyne took the deposition of Mr. Gary Kamerman on June 30, 2017 in connection with the declaration he submitted in support of Quanergy's claim construction brief.

    **(b)      Scope of Anticipated Discovery**

The parties anticipate that the scope of discovery will encompass at least the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters.  The parties intend to pursue discovery in the form of requests for production of documents and things, requests to inspect, requests for admission, interrogatories, depositions, and other forms of discovery authorized by the Federal Rules, including discovery on non-parties.

    **<u>Changes and Updates</u>**

The parties have set forth the scope of anticipated discovery in Section D above.

**(c)      Report on Stipulated E-Discovery Order**

The parties have reviewed the Northern District of California's Model Stipulation and Order Re: Discovery of Electronically Stored Information For Patent Litigation and will jointly submit any proposed modifications to this model stipulation within twenty (20) days after the Case Management Conference.

**<u>Changes and Updates</u>**

An order regarding the discovery of electronically stored information, based on the parties' proposed stipulated order, was entered by the Court in this case on February 16, 2017. *See* Dkt. No. 53.

**(d)      Discovery Plan/Changes to Discovery Limitations**

The presumptive limits on discovery provided by the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders shall apply, except as provided below. Defendants reserve all rights to seek modifications of the limits discussed below and agree to confer in good faith if a need arises for additional discovery or modifications of discovery limits.

**<u>Changes and Updates</u>**

The parties' changes and updates are noted in sub-sections below.

**i.      Rule 26(a) Disclosures**

The parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) on February 9, 2017.

**<u>Changes and Updates</u>**

As stated above, Rule 26(a) disclosures were exchanged on February 9, 2017.

**ii.      Discovery Deadlines**

The parties propose that the deadlines for fact and expert discovery be set following entry of a *Markman* order.  As set forth in Section 17 below, the parties propose that the Court enter a schedule now that extends through *Markman* order, and that following entry of the *Markman* order, the Court conduct an additional case management conference to address the consequences of the order, including dispositive motions and discovery deadlines.

**Changes and Updates**

The parties' new proposed deadlines for fact and expert discovery are set forth in Section 17 below.

### iii.    Interrogatories

The limits set by the Federal Rules of Civil Procedure apply.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

### iv.    Requests for Admission

There are no limits on the number of requests for admission concerning the authenticity of documents.

Each party is limited to sixty (60) requests for admission regarding substantive matters, absent agreement or leave of Court on a showing of good cause.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

### v.    Requests for Production of Documents and Things

The limits set by the Federal Rules of Civil Procedure apply.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

### vi.    Depositions

Each party shall have 70 hours on the record (*i.e.*, excluding breaks) of fact deposition time (including third parties), whether the time is used in direct examination or cross examination.  Included within these limits are depositions of the parties pursuant to Rule 30(b)(6).  The parties further agree that depositions requiring translation shall only count as half of the actual hours taken.

Unless otherwise stipulated by the parties or ordered by the Court, the deposition of any individual (fact or expert) is limited to 1 day of 7 hours of testimony on the record.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

    **vii.**    **Protective Order**

The parties are in the process of negotiating the terms of a stipulated protective order based on the Northern District of California's model.  The parties anticipate filing a proposed stipulated protective order (with competing proposals, if necessary) by February 17, 2017. Pursuant to Patent Local Rule 2-2, the Interim Model Protective Order currently governs.

**Changes and Updates**

A protective order, based on the parties' proposed stipulated protective order, was entered by the Court in this case on March 14, 2017. *See* Dkt. No. 55.

    **viii.**    **Privilege and Privilege Logs**

The parties agree that neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the filing date of this litigation.  The parties agree that issues regarding the inadvertent production of privilege or work product material shall be addressed as provided in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and in the Protective Order to be entered in this case.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

    **ix.**    **Discovery from Experts**

The parties propose that the Federal Rules of Civil Procedure and the Local Rules of this Court govern discovery from experts in this case.  Specifically, consistent with Federal Rules of Civil Procedure 26(b)(3)(A)-(B) and 26(b)(4), the parties agree that testifying experts or consultants shall not be subject to discovery of any draft report or declaration in this case and such draft reports or declarations, and notes or outlines for draft reports or declarations, are also exempt from discovery.  No discovery shall be taken from any expert or consultant who is not designated under Federal Rule of Civil Procedure 26(a)(2) or who does not provide a declaration or testimony in the action except to the extent that such expert or consultant has provided information, opinions or other materials to an expert who is designated under Federal Rule of

Civil Procedure 26(a)(2) or who provides a declaration or testimony in the action, who then relies upon such information, opinions or other materials in forming his or her opinions offered in this case.  No conversations or communications between counsel and any expert or consultant will be subject to discovery unless the conversations or communications are relied upon by such expert or consultant in formulating opinions that are presented in reports or trial or deposition testimony in this case.   Materials, communications, and other information exempt from discovery under this Section shall be treated as attorney-work product for the purposes of this litigation and Order.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

**x.        Service**

The parties consent to service via email pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

Documents served on Quanergy shall be sent to the following e-mail address: zQuanergy-Velodyne_Lidar_Lit@cooley.com.

Documents served on Velodyne shall be sent to the following e-mail address: velodyne.lwteam@lw.com.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

**9.     Class Actions**

Not applicable.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

**10.     Related Cases**

None.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

**11.** **Relief**

    **A.** **Quanergy's Statement**

Quanergy seeks a judgment that it does not infringe any valid and enforceable claim of the '558 Patent. Quanergy seeks equitable relief enjoining Velodyne, and its officers, directors, agents, counsel, servants, and employees and all persons in active concert or participation with any of them, from attempting to enforce the '558 patent against Quanergy or any customer of Quanergy by reason of such customer's use of Quanergy's products. Quanergy seeks a judgment that this case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Quanergy to its attorneys' fees and expenses.

Quanergy seeks any such other and further relief as the Court deems just and proper.

**Quanergy's Changes and Updates**

Quanergy anticipates filing an amended complaint that amends its claim for declaratory relief of non-infringement. In addition, Quanergy seeks a judgment that Velodyne's false and misleading statements violate the Lanham Act, California's False Advertising Law, California's Unfair Competition Law, California common law regarding unfair competition, and Quanergy has been injured in its businesses as a result of Velodyne's violations. Quanergy seeks compensatory damages and up to three times its damages as provided by the Lanham Act, and that it shall recover Velodyne's profits. Quanergy seeks restitution and restitutionary disgorgement of all profits Velodyne generated from sums wrongfully obtained. Quanergy seeks equitable relief that Velodyne, its subsidiaries, affiliates, successors, transferees, assignees, and the respective officers, directors, partners, agents, and employees thereof and all other persons acting or claiming to act on its behalf shall be preliminarily and permanently enjoined and restrained from continuing to engage in the unlawful, unfair, and/or fraudulent practices alleged in the Complaint (including disseminating false and misleading statements describing its products that scan using moving mechanical parts are solid-state). Quanergy seeks both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded. Quanergy seeks its costs of this suit, including reasonable attorneys' fees as provided by law.

Quanergy seeks any such other and further relief as the Court deems just and proper.

**B.      Velodyne's Statement**

Velodyne seeks the relief prayed for in its December 5, 2016 Answer and Counterclaim (Dkt. No. 36), including:  (1) a judgment that Quanergy has directly infringed and continues to directly infringe one or more claims of the '558 patent under at least 35 U.S.C. § 271(a); (2) a judgment that Quanergy has indirectly infringed and continues to indirectly infringe one or more claims of the '558 patent under at least 35 U.S.C. § 271 (b) and/or (c); (3) a judgment that Quanergy's infringement under at least 35 U.S.C. §§ 271(a), (b), and (c) has been and continues to be willful; (4) an award of monetary damages, to be obtained from any and all of Quanergy's assets, sufficient to compensate Velodyne for Quanergy's patent infringement, together with interest, pursuant to at least 35 U.S.C. § 284; (5) an award of enhanced damages, to be obtained from any and all of Quanergy's assets, of three times the amount found or assessed for Quanergy's willful patent infringement, pursuant to 35 U.S.C. § 284, including prejudgment interest on such damages; (6) an order finding this case exceptional and awarding Velodyne its attorneys' fees, to be obtained from any and all of Quanergy's assets, pursuant to 35 U.S.C. § 285, including prejudgment interest on such fees; (7) a preliminary and permanent injunction prohibiting Quanergy and its officers, agents, representatives, assigns, licenses, distributors, servants, employees, related entities, attorneys, and all those acting in concert, privity, or participation with them, from: infringing, inducing, or contributing to the infringement of any claim of the '558 patent; (8) an accounting and supplemental damages for all damages occurring after the period for which damages discovery is taken, and after discovery closes, through the Court's decision regarding the imposition of a permanent injunction; (9) an award of Velodyne's costs and expenses of this suit as the prevailing party, to be obtained from any and all of Quanergy's assets; and (10) any other relief as the Court deems necessary, just, and/or proper.

**Velodyne's Changes and Updates**

Velodyne does not currently have any changes to report.[2]

**12.   Settlement and ADR**

The parties agree that alternative dispute resolution ("ADR") is premature at this time. The parties met and conferred regarding ADR pursuant to Civil Local Rule 16-8 and ADR Local Rule 3-5, and stipulated to participate in non-binding mediation after this Court enters its *Markman* order.

**Changes and Updates**

The Court has assigned Vicki Veenker as the Mediator for this case.  *See* Dkt. No. 51. The parties have a mediation hearing with Ms. Veenker scheduled for November 17, 2017.

**13.   Consent to Magistrate Judge For All Purposes**

_____ YES   X   NO

All parties have not consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment, except for settlement conference purposes.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

**14.   Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

**15.   Narrowing of Issues**

It is possible that the parties may move for summary adjudication of particular issues depending on facts emerging in discovery.

---

[2] Velodyne reserves all rights with respect to Quanergy's newly-disclosed claims.  *See infra* at 4.

The parties agree to limit the number of asserted claims and prior art references as follows, which is consistent with the limits set forth in the Federal Circuit's Model Order Limiting Excess Patent Claims and Prior Art:

- On February 9, 2017, Velodyne shall serve a Preliminary Election of Asserted Claims, which shall assert no more than fifteen (15) claims from the asserted patent. Velodyne's Preliminary Election of Asserted Claims shall be served in conjunction with its Disclosure of Asserted Claims and Infringement Contentions and accompanying document production under Pat. L.R. 3-1 and 3-2.

- On March 27, 2017, Quanergy shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than eighteen (18) prior art references.  Each prior art system or publication shall be considered one reference, and the references may be combined as appropriate pursuant to 35 U.S.C. § 103.   Quanergy's Preliminary Election of Asserted Prior Art shall be served in conjunction with its Invalidity Contentions and accompanying document production under Pat. L.R. 3-3 and 3-4.

- Not later than twenty-eight (28) days after the Court issues its *Markman* Order, Velodyne shall serve a Final Election of Asserted Claims, which shall identify no more than eight (8) asserted claims from among the fifteen previously identified claims.

- Not later than fourteen (14) days after service of a Final Election of Asserted Claims, Quanergy shall serve a Final Election of Prior Art, which shall identify no more than nine (9) asserted prior art references from among the eighteen prior art references previously identified.  Each prior art system or publication shall be considered one reference, and the references may be combined as appropriate pursuant to 35 U.S.C. § 103.

**Changes and Updates**

Velodyne served its Preliminary Election of Asserted Claims on February 9, 2017. Quanergy served its Preliminary Election of Asserted Prior Art on March 27, 2017.  The parties

propose that no further narrowing, of either asserted claims or asserted prior art, is necessary at this time.  The parties reserve the right to move to limit the number of asserted claims or prior art references, respectively, at a later date.

**16.    Expedited Trial Procedure**

The parties do not propose that this case proceed on an expedited schedule.

**<u>Changes and Updates</u>**

The parties have no changes or updates to the foregoing information at this time.

**17.    Scheduling**

**<u>Changes and Updates</u>**

The parties submit the following chart with their proposed schedule.[3]

| Event | Joint Proposal |
|---|---|
| Opening of Fact Discovery | November 20, 2017 |
| Last Day to Amend Pleadings | January 4, 2018 |
| Joint Trial Setting Conference Statement | 10 days prior to the Trial Setting Conference |
| Trial Setting Conference | 30 days before the close of fact discovery |
| Close of Fact Discovery | June 29, 2018 |
| Opening Expert Reports by the Party with the Burden of Proof | July 27, 2018 |
| Rebuttal Expert Reports | August 24, 2018 |
| Close of Expert Discovery | September 21, 2018 |
| Deadline for Filing Dispositive Motions | October 12, 2018 |
| Pretrial Conference | TBD |
| Trial | TBD |

---

[3] The previous proposed schedule is omitted to avoid confusion.

**18.    Trial**

The parties have requested trial by jury.  Quanergy estimates that the expected length of the trial is 5 days.  Velodyne estimates that the expected length of the trial is 10 days.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

**19.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed Certifications of Interested Persons or Entities pursuant to Civil Local Rule 3-16.

**Quanergy's Statement:**

The following person or entities either own more than a 7% equity interest in Quanergy Systems Inc. or otherwise have an interest in the subject matter and/or Quanergy Systems Inc.:

1. Rising Tide V, LLC

2. Louay Eldada

3. Tianyue Yu

Quanergy has a large number of outstanding shares, some of whose owners are not publicly known. If the Court requires a disclosure of confidential equity interests held by such minority shareholders, Quanergy requests leave to submit such disclosure under seal.

**Quanergy's Changes and Updates**

Quanergy has no changes or updates to the foregoing information at this time.

**Velodyne's Statement:**

Velodyne filed its Certificate of Interested Entities or Persons on December 5, 2016 (Dkt. No. 20).  Velodyne reported that it has no parent corporations or other entities owning 10% or more of its stock, and there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities other than Defendant Velodyne LiDAR, Inc. that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**Velodyne's Changes and Updates**

None.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

**21.    Other**

The parties have no other matters at this time that may facilitate the just, speedy, and inexpensive disposition of this matter.

**Changes and Updates**

The parties have no changes or updates to the foregoing information at this time.

//

//

1    Dated:  November 9, 2017

2    Respectfully Submitted,                    Respectfully Submitted,

3    COOLEY LLP                                 LATHAM & WATKINS LLP

4    /s/ *Erik B. Milch*                        /s/ *Douglas E. Lumish*

5    Mark F. Lambert (197410)                   DOUGLAS E. LUMISH (Bar No. 183863)
     (mlambert@cooley.com)                      doug.lumish@lw.com
6    Lam K. Nguyen (265285)                     BRETT M. SANDFORD (Bar No. 302072)
     (lnguyen@cooley.com)                       brett.sandford@lw.com
7    3175 Hanover Street                        LATHAM & WATKINS LLP
     Palo Alto, CA 94304-1130                   140 Scott Drive
8    Telephone:     (650) 843-5000              Menlo Park, California 94025
     Facsimile:     (650) 849-7400              Tel: (650) 328-4600; Fax (650) 463-2600
9

10   Erik B. Milch (pro hac vice)              ANN MARIE WAHLS (pro hac vice)
     (emilch@cooley.com)                        annmarie.wahls@lw.com
11   Christopher C. Campbell (pro hac vice)     LATHAM & WATKINS LLP
     (ccampbell@cooley.com)                     330 North Wabash Ave., Suite 2800
12   One Freedom Drive                          Chicago, IL 60611
     Reston, VA 20190-5656                      Tel: (312) 876-7700; Fax (312) 993-9767
13   Telephone:     (703) 456-8000
     Facsimile:     (703) 456-8100              PRIYEN N. PATEL (pro hac vice)
14                                              priyen.patel@lw.com
15   Nicholas G. Lockhart (pro hac vice)        LATHAM & WATKINS LLP
     (nlockhart@cooley.com)                     885 Third Avenue
16   1299 Pennsylvania Avenue, NW, Suite 700    New York, NY 10022-4834
     Washington, DC 20004-2400                  Tel:  (212) 906-1200; Fax (212) 751-4864
17   Telephone:     (202) 962-8361
     Facsimile:     (202) 842-7899              Attorneys for Defendant and Counterclaim
18                                              Plaintiff VELODYNE LIDAR, INC.
19   Attorneys for Plaintiff and Counterclaim-
     Defendant QUANERGY SYSTEMS, INC.

20

21

22

23

24

25

26

27

28

1

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

Dated:  November 9, 2017

By:

    /s/ *Erik B. Milch*
    Erik B. Milch

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>CASE MANAGEMENT ORDER</u>**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____

UNITED STATES DISTRICT JUDGE