UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUANERGY SYSTEMS, INC., <br> Plaintiff, <br> v. <br> VELODYNE LIDAR, INC., <br> Defendant. | Case No. 5:16-cv-05251-EJD <br><br> **ORDER DENYING WITHOUT PREJUDICE JOINT STIPULATION TO STAY CASE PENDING RESOLUTION OF *INTER PARTES* REVIEW PROCEEDINGS** <br><br> Re: Dkt. No. 103 |

Presently before the Court is the parties' Joint Stipulation to Stay Case Pending Resolution of *Inter Partes* Review Proceedings. Dkt. No. 103. For the reasons discussed below, the parties' joint request is DENIED WITHOUT PREJUDICE.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). In determining whether to grant a stay pending IPR, courts consider "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837 at *1 (N.D. Cal. Jan. 23, 2014); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013).

The Court notes at the outset that the last of these three factors are neutral: because the

Case No.: 5:16-cv-05251-EJD
ORDER DENYING WITHOUT PREJUDICE JOINT STIPULATION TO STAY CASE
PENDING RESOLUTION OF *INTER PARTES* REVIEW PROCEEDING

1

parties jointly request a stay, there is no non-moving party that stands to be prejudiced. However, it is not clear to the Court that the remaining two factors warrant a stay in this case. As to the first factor, substantial work has already been done in this case: claim construction proceedings have concluded and discovery is well underway. *See* Dkt. No. 100. As to the second factor, it is at best speculative as to whether a stay will simplify the issues in this case, as IPR has yet to be instituted. *See DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("Until the PTAB makes a decision on whether to grant the IPR petition, any argument about whether the IPR process will simplify issues . . . is highly speculative."). For these reasons, the parties' request for a stay is DENIED WITHOUT PREJUDICE. The parties may, however, file a renewed request with supplemental information and reasons as to why a stay is appropriate in this case.

**IT IS SO ORDERED.**

Dated: December 28, 2017

EDWARD J. DAVILA
United States District Judge