1   COOLEY LLP
    Erik B. Milch (pro hac vice)
2   (emilch@cooley.com)
    One Freedom Drive
3   11951 Freedom Drive
    Reston, VA 20190-5656
4   Telephone:    (703) 456-8000
    Facsimile:    (703) 456-8100
5

6   Attorneys for Plaintiff and Counterclaim
7   Defendant Quanergy Systems, Inc.
    [Additional counsel on signature page]
8

9   LATHAM & WATKINS LLP
    Douglas E. Lumish, Bar No. 183863
10  Brett M. Sandford, Bar No. 302072
    140 Scott Drive
11  Menlo Park, California 94025
    Telephone: (650) 328-4600
12  Fax: (650) 463-2600
    doug.lumish@lw.com
13  brett.sandford@lw.com

14  Attorneys for Defendant and Counterclaim
15  Plaintiff Velodyne LiDAR USA, Inc.
    [Additional counsel on signature page]

16
                    UNITED STATES DISTRICT COURT
17                 NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION
18

19  QUANERGY SYSTEMS, INC.                    Case No.: 5:16-cv-05251-EJD

20              Plaintiff and Counterclaim    **JOINT CASE MANAGEMENT**
21              Defendant,                    **CONFERENCE STATEMENT &**
                                              **[PROPOSED] ORDER**
22       v.

23  VELODYNE LIDAR USA, INC.                  Date: April 28, 2022
                                              Time: 10:00 a.m. PT
24              Defendant and Counterclaim    Courtroom: 4, 5th Floor, San Jose
25              Plaintiff.                    Judge: The Hon. Edward J. Davila

26

27

28

Pursuant to the Court's February 18, 2022 order lifting the staying in this case (Dkt. No. 119, "Stay Order"), the Standing Order for all Judges of the Northern District of California, this Court's Standing Order for Patent Cases, and Civil Local Rule 16-9, Plaintiff and Counterclaim Defendant Quanergy Systems, Inc. ("Quanergy") and Defendant and Counterclaim Plaintiff Velodyne LiDAR USA, Inc. ("Velodyne") respectfully submit this joint case management conference statement and proposed order.

## A. Certification of Claim Construction Order for Immediate Appeal

Neither party sought certification of the Court's Claim Construction Order (Dkt. No. 96) for immediate appeal. *See* Dkt. No. 100 at 1.

## B. Dispositive Motions

Velodyne does not currently intend to file a dispositive motion prior to further development of facts and theories in discovery. Velodyne notes that Quanergy should be estopped from further asserting prior art invalidity defenses in this action in light of its failed IPR, and Velodyne may bring a dispositive motion on this issue if necessary. Velodyne reserves all of its rights to file dispositive motions as the case progresses.

Quanergy does not currently intend to file a dispositive motion prior to further development of facts and theories in discovery.

## C. Advice of Counsel

Quanergy does not intend to rely on the advice-of-counsel defense. *See* Dkt. No. 100 at 1.

## D. Anticipated Post-Stay Discovery

The parties have not conducted any discovery after the Court issued its claim construction order in October 2017 because this case was stayed shortly thereafter pending resolution of two *inter partes* review proceedings filed by Quanergy. The parties propose to commence post-claim construction discovery on May 9, 2022.

### 1. Quanergy's Statement

Quanergy anticipates seeking discovery on the following topics:

Topics relevant to the alleged validity of the '558 Patent, including but not limited to the alleged invention date, the alleged priority date, the first use and first sale of the claimed invention,

the first public knowledge and public disclosure of the claimed invention, inventorship of the claimed invention, and objective considerations relevant to the obviousness of the claimed invention;

    a. Discovery from third parties regarding prior art and invalidity of the '558 Patent. In addition, per Patent Local Rule 3-6, Quanergy anticipates seeking leave from the Court to serve amended invalidity contentions based on the Court's Claim Construction order.

    b. Prosecution of the application that issued as the '558 Patent, including the prosecution of any related patents;

    c. Velodyne's alleged rights and interest in the '558 Patent, as well as the rights and interest of any other parties in the '558 Patent;

    d. The basis for Velodyne's allegation that Quanergy's alleged infringement is willful, including the basis for Velodyne's pursuit of enhanced damages under § 284;

    e. The basis for Velodyne's allegation that this case is exceptional, entitling Velodyne to attorneys' fees under § 285;

    f. The basis for Velodyne's pursuit of injunctive relief in this case; and

    g. The amount and calculation of damages sought by Velodyne.

This list is non-exhaustive and Quanergy reserves the right to seek discovery on any topic within the permissible scope of discovery under the Federal Rules.

## 2. Velodyne's Statement

Velodyne anticipates seeking discovery on the following topics:

    a. Quanergy's infringement of the asserted claims of the '558 patent.

    b. Quanergy's willful infringement of the asserted claims of the '558 patent.

    c. The damages and injunctive relief to which Velodyne is entitled as a result of Quanergy's infringement of the asserted claims of the '558 patent.

    d. Quanergy's defenses as set forth in its Answer to Velodyne's Counterclaims.

This list is non-exhaustive and Velodyne reserves the right to seek discovery on any topic within the permissible scope of discovery under the Federal Rules of Civil Procedure.

**E.      Any Other Pretrial Matters**

None at this time.

**F.      Settlement Discussions**

The parties engaged in court-ordered mediation on November 17, 2017, and have had subsequent informal settlement discussions, but to date have been unable to reach resolution.

**G.      Changes And Updates to The Information Provided in the Parties' Original and November 2017 Joint Case Management Statements**

The parties set forth below the changes and updates to the information previously provided in their (i) original Joint Case Management Statement (Dkt. No. 49, "Original Statement") and (ii) November 2017 Joint Case Management Statement (Dkt. No. 100, "2017 Statement").

**1.      Jurisdiction & Service**

**Changes and Updates**

The parties have no changes to their prior statements for this section.

**2.      Facts**

**Quanergy's Changes and Updates**

Quanergy anticipates filing an amended complaint that amends its claim for declaratory relief of non-infringement.

**Velodyne's Changes and Updates**

On November 29, 2017, shortly after receiving the Court's claim construction ruling, Quanergy filed two IPR petitions (Nos. 2018-00255 and 2018-0025) challenging all asserted claims of the '558 patent.  The Patent Trial and Appeal Board ("PTAB") instituted IPR on all challenged claims in May 2018.  After oral hearing, the PTAB issued its final written decisions on May 23, 2019, finding that Quanergy failed to show that any challenged claim was unpatentable.  Quanergy appealed the PTAB's decisions.  On February 4, 2022, the Federal Circuit issued a precedential decision affirming the PTAB's decisions.  *See* Dkt. Nos. 118, 118-1.

3.      **Legal Issues**

**Changes and Updates**

- The extent to which Quanergy is estopped from asserting invalidity defenses in light of the IPRs.  35 U.S.C. § 315(e).

4.      **Motions**

**Changes and Updates**

As discussed above, the Court has lifted the stay in this action.  Dkt. No. 119.  As of the date of this filing, there are no pending motions.

5.      **Amendment of Pleadings**

**Changes and Updates**

The parties propose that the deadline for amending pleadings to add parties, claims or counterclaims be set for June 23, 2022, which is 45 days after the date on which the parties propose that fact discovery opens (May 9, 2022).

6.      **Evidence Preservation**

**Changes and Updates**

The parties have no changes to their prior statements for this section.

7.      **Disclosures**

**Changes and Updates**

The parties have no changes to their prior statements for this section.

8.      **Discovery**

(a)      **Discovery to Date**

**Changes and Updates**

In 2017, the parties made disclosures pursuant to the Patent Local Rules of the Northern District of California, including infringement contentions, invalidity contentions, and preliminary damages contentions.  The parties have not completed any other discovery since the submission of the 2017 Statement because the case has been stayed.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

JOINT CMC STATEMENT
CASE NO. 5:16-CV-05251-EJD

1    **(b)    Scope of Anticipated Discovery**

2    <u>**Changes and Updates**</u>

3    The parties have no changes to their prior statements for this section.

4    **(c)    Report on Stipulated E-Discovery Order**

5    <u>**Changes and Updates**</u>

6    The parties have no changes to their prior statements for this section.

7    **(d)    Discovery Plan/Changes to Discovery Limitations**

8    <u>**Changes and Updates**</u>

9    The parties have no changes to their prior statements for this section.

10    **i.    Rule 26(a) Disclosures**

11    <u>**Changes and Updates**</u>

12    The parties have no changes to their prior statements for this section.

13    **ii.    Discovery Deadlines**

14    <u>**Changes and Updates**</u>

15    The parties' new proposed deadlines for fact and expert discovery are set forth in Section

16    17 below.

17    **iii.    Interrogatories**

18    <u>**Changes and Updates**</u>

19    The parties have no changes to their prior statements for this section.

20    **iv.    Requests For Admission**

21    <u>**Changes and Updates**</u>

22    The parties have no changes to their prior statements for this section.

23    **v.    Requests for Production of Documents and Things**

24    <u>**Changes and Updates**</u>

25    The parties have no changes to their prior statements for this section.

26    **vi.    Depositions**

27    <u>**Changes and Updates**</u>

28    The parties have no changes to their prior statements for this section.

       vii.      **Protective Order**

**<u>Changes and Updates</u>**

The parties have no changes to their prior statements for this section.

       viii.     **Privilege and Privilege Logs**

**<u>Changes and Updates</u>**

The parties have no changes to their prior statements for this section.

       ix.      **Discovery from Experts**

**<u>Changes and Updates</u>**

The parties have no changes to their prior statements for this section.

       x.       **Service**

**<u>Changes and Updates</u>**

The parties have no changes to their prior statements for this section.

       **9.**      **Class Actions**

**<u>Changes and Updates</u>**

The parties have no changes to their prior statements for this section.

       **10.**     **Related Cases**

**<u>Changes and Updates</u>**

The parties have no changes to their prior statements for this section.

       **11.**     **Relief**

**<u>Quanergy's Changes and Updates</u>**

Quanergy does not have any changes to its prior statements for this section.

**<u>Velodyne's Changes and Updates</u>**

Velodyne does not have any changes to its prior statements for this section.

       **12.**     **Settlement and ADR**

**<u>Changes and Updates</u>**

    The parties engaged in court-ordered mediation with Vicki Veenker in November 2017,

but were unable to reach resolution.

13. **Consent to Magistrate Judge For All Purposes**

**Changes and Updates**

The parties have no changes to their prior statements for this section.

14. **Other References**

**Changes and Updates**

The parties have no changes to their prior statements for this section.

15. **Narrowing of Issues**

**Changes and Updates**

Velodyne anticipates that Quanergy will drop its prior art defenses because Quanergy is estopped from presenting any invalidity ground that Quanergy raised or reasonably could have raised during the IPR proceedings. 35 U.S.C. § 315(e). Otherwise, the parties have no changes or updates to their prior statements for this section.

16. **Expedited Trial Procedure**

**Changes and Updates**

The parties have no changes to their prior statements for this section.

17. **Scheduling**

The parties submit the following chart with their proposed schedule.

| Event | Joint Proposal |
|---|---|
| Opening of Fact Discovery | May 9, 2022 |
| Last Day to Amend Pleadings | June 23, 2022 |
| Quanergy to serve narrowed invalidity contentions | July 22, 2022 |
| Joint Trial Setting Conference Statement | 10 days prior to the Trial Setting Conference |
| Trial Setting Conference | 30 days prior to the close of fact discovery |
| Close of Fact Discovery | December 2, 2022 |
| Velodyne to serve narrowed identification of asserted claims | December 16, 2022 |

| Opening Expert Reports by the Party with the Burden of Proof | January 27, 2023 |
| --- | --- |
| Rebuttal Expert Reports | February 24, 2023 |
| Close of Expert Discovery | March 24, 2023 |
| Deadline for Filing Dispositive and *Daubert* Motions | April 28, 2023 |
| Pretrial Conference | TBD |
| Trial | TBD |

### 18. Trial

**Changes and Updates**

Velodyne estimates 7 days for trial should be sufficient. Quanergy estimates the expected length of trial is 5 days.

### 19. Disclosure of Non-party Interested Entities or Persons

**Quanergy's Changes and Updates**

The following person or entities either own more than a 7% equity interest in Quanergy Systems Inc. or otherwise have an interest in the subject matter and/or Quanergy Systems Inc.:

1. Rising Tide

2. Tamer Hassanein

3. CITIC Capital Acquisition LLC

4. Sensata Technologies, Inc.

5. Zola Ventures

**Velodyne's Changes and Updates**

In September 2020, Velodyne Lidar, Inc. became a wholly owned subsidiary of Graf Industrial Corp. and changed its name to Velodyne Lidar USA, Inc. At the same time, Graf Industrial Corp. which is a publicly listed company, changed its name to Velodyne Lidar, Inc. *See also* Dkt. 120 (4/5/22 Joint Stipulation to Change Name) at 1.

**20.    Professional Conduct**

**Changes and Updates**

The parties have no changes to their prior statements for this section.

**21.    Other**

**Changes and Updates**

The parties have no changes to their prior statements for this section.

Dated:  April 11, 2022                    COOLEY LLP

                                          */s/ Erik B. Milch*
                                          Mark F. Lambert (197410)
                                          mlambert@cooley.com
                                          Priya B. Viswanath (238089)
                                          pviswanath@cooley.com
                                          3175 Hanover Street
                                          Palo Alto, CA  94304-1130
                                          Telephone:    (650) 843-5000
                                          Facsimile:    (650) 849-7400

                                          Erik B. Milch (pro hac vice)
                                          emilch@cooley.com
                                          One Freedom Drive
                                          11951 Freedom Drive
                                          Reston, VA 20190-5656
                                          Telephone:    (703) 456-8000
                                          Facsimile:    (703) 456-8100

                                          Attorneys for Plaintiff and Counterclaim-
                                          Defendant Quanergy Systems, Inc.

Dated:  April 11, 2022                    LATHAM & WATKINS LLP

                                          */s/ Douglas E. Lumish*
                                          DOUGLAS E. LUMISH (Bar No. 183863)
                                          doug.lumish@lw.com
                                          BRETT M. SANDFORD (Bar No. 302072)
                                          brett.sandford@lw.com
                                          LATHAM & WATKINS LLP
                                          140 Scott Drive
                                          Menlo Park, California 94025
                                          Tel: (650) 328-4600; Fax (650) 463-2600

ANN MARIE WAHLS (*pro hac vice*)
annmarie.wahls@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700; Fax (312) 993-9767

Attorneys for Defendant and Counterclaim
Plaintiff Velodyne LiDAR USA, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    **CASE MANAGEMENT ORDER**

2         The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

3    approved as the Case Management Order for this case and all parties shall comply with its

4    provisions.  [In addition, the Court makes the further orders stated below:]

5

6         IT IS SO ORDERED.

7         Dated: _____    _____

8                                           UNITED STATES DISTRICT JUDGE